

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | | |
|---|---|---|
| KEITH GILBERT and JOY M. PRISK,<br>　　　　　Plaintiffs,<br><br>vs.<br><br>OTTICH ENTERPRISES, LLC, CREDIT<br>ACCEPTANCE CORPORATION, and JOHN<br>DOES,<br>　　　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 3:21-0006-MGL |

---

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFFS' MOTION TO REMAND**

---

### I.    INTRODUCTION

Plaintiffs Keith Gilbert (Gilbert) and Joy M. Prisk (Prisk) (collectively, Plaintiffs) filed this

lawsuit in the Lexington County Court of Common Pleas.  It contains a Truth in Lending Act claim,

15 U.S.C. § 1601, as well as several state causes of action, against Defendants Ottich Enterprises,

LLC, (Ottich), Credit Acceptance Corporation (Credit Acceptance), and John Does (collectively,

Defendants).

Credit Acceptance subsequently removed the case to this Court, contending the Court has

jurisdiction over the matter in accordance with 28 U.S.C. §§ 1331 and 1367.

Pending before the Court is Plaintiffs' motion to remand.  Having carefully considered the

motion, the response, the reply, the record, and the relevant law, it is the judgment of this Court that

Plaintiffs' motion to remand must be granted.

## II.    FACTUAL AND PROCEDURAL HISTORY

"In November 2019, . . . Gilbert wanted to acquire a[ ] used vehicle for personal transportation. . . .  Prisk agreed to cosign a loan for . . . Gilbert to acquire such a vehicle and to allow him to sign her name for the purposes of having a credit check performed . . . to secure such a loan."  Complaint ¶ 6.

"On, or about, November 20, 2019, . . . Gilbert went to . . . Ottich's car lot in West Columbia, Lexington County, South Carolina to discuss the possibility of buying a used car.  While there, he decided he wanted to purchase a 2012 Hyundai Veloster 3D Coupe . . . from . . . Ottich."  *Id*. ¶ 7.   "On, or about, November 20, 2019, Defendant Ottich agreed to sell [t]he . . . [c]ar to . . . Gilbert[.]"  *Id*. ¶ 8.

The financing of the car is the genesis of this lawsuit.  *See id.* ¶¶ 8-23.  According to Plaintiffs "[a]s a direct and proximate result of Defendants' deceptive acts, their multiple violations of federal and state law described [in the complaint], and other wrongful acts, Plaintiffs have been deprived of their rights as consumers to make an informed purchase, [have] been saddled with a huge debt that  is grossly disproportionate to the value of the vehicle, [have] been given payments they cannot afford, [have] had their privacy violated, [have] been compelled to retain counsel, and [have] suffered such other damages as shown at trial."  Complaint ¶ 24.

Here is a list of the pertinent procedural history of this lawsuit:

November 19, 2020    Plaintiffs filed this lawsuit in the Lexington Court of Common Pleas.

November 30, 2020    Plaintiffs' attorney "mailed a copy of the Summons and Complaint . . . to Ottich Enterprise, LLC, via certified mail restricted delivery, for the purpose of effecting service of process."  Plaintiffs' Attorney's Affidavit ¶ 2.  The

|  | address on the return receipt is "Ottich Enterprises, LLC[,] Alejandro Ottich, [Registered Agent]."  Plaintiffs' Motion, Exhibit 2. |
|---|---|
| December 3, 2020 | Credit Acceptance was served. Credit Acceptance's Reply to Standing Order Regarding Removed Cases ¶ 1. |
| December 9, 2020 | Mauricio Ottich, on behalf of Ottich, contacted counsel for Plaintiffs on this date, stated the summons and complaint had been received, and explained that additional time beyond thirty days would be needed to respond. Plaintiffs' Attorney's Affidavit ¶¶ 4-5. Further, as the Court details below, the United State Postal Service's tracking website shows it delivered the summons and complaint to Ottich on this date. |
| January 4, 2021 | Credit Acceptance removed the lawsuit to this Court without Ottich's prior consent. |
| January 7, 2021 | Christian Ottich, Manager of Ottich, signed Ottich's "Statement of Service and Extension to Respond" stating Ottich "was served with a copy of [Plaintiffs'] lawsuit on December 9, 2020." |

Thereafter, Plaintiffs filed this timely motion to remand, to which Credit Acceptance filed its response in opposition.  Plaintiffs then filed their reply in support of their motion.  In addition, Ottich filed a notice of joinder, indicating it wished to join in and adopt Credit Acceptance's arguments in opposition to Plaintiffs' motion to remand.

The Court, having been fully briefed on the relevant issues, is prepared to adjudicate the motion.

### III.    STANDARD OF REVIEW

A party seeking removal bears the burden of establishing the existence of federal jurisdiction. *Mulachey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). Because removal jurisdiction raises significant federalism concerns, a district court must strictly construe removal jurisdiction. *Id.* (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941)). If federal jurisdiction is in doubt, remand to state court is necessary. *Mulachey*, 29 F.3d at 151.

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). To remove to federal court, the defendant or defendants must file "a notice of removal. containing a short and plain statement of grounds for removal." *Id.* § 1446(a).

"The notice of removal of a civil action or proceeding shall be filed within [thirty] days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" *Id.* § 1446(b)(1).

"When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(a). This requirement is referred to as the "rule of unanimity." *Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 736 F.3d 255, 259 (4th Cir. 2013).

"The rule of unanimity is consistent with [the Court's] obligation 'to construe removal jurisdiction strictly because of the significant federalism concerns implicated.'"  *Id.* (quoting *Maryland Stadium Auth. v. Ellerbe Becket Inc.*, 407 F.3d 255, 260 (4th Cir.2005) (internal quotation

marks omitted) "The rule of unanimity helps to effectuate Congress's intent in limiting removal to prevent it from being used too broadly or casually." *Id*.

## IV.    DISCUSSION AND ANALYSIS

Plaintiffs argue remand is proper in this matter because Credit Acceptance failed to comply with Section 1446(b)(2)(A)'s "rule of unanimity" requirement. According to Plaintiffs, Credit Acceptance neglected to obtain Ottich's consent for removal although Plaintiffs had properly joined and served Ottich before Credit Acceptance removed the matter to this Court.

Credit Acceptance, however, contends Plaintiffs had failed to properly join and serve Ottich by January 4, 2021, the date Credit Acceptance removed the action to this Court, such that Ottich's consent was not required.

So, the dispositive question is this: whether Plaintiffs had properly joined and served Ottich when Credit Acceptance filed its notice of removal on January 4, 2021. If yes, then remand is appropriate. But, if not, then the Court must deny Plaintiffs' motion to remand and allow the case to proceed in this Court.

South Carolina service of process law governs the Court's analysis of this issue. *See Cardenas v. City of Chicago*, 646 F.3d 1001, 1005 (7th Cir. 2011) ("Because [the] attempt at service occurred before the case was removed, (state) service of process rules govern whether the attempt was legally sufficient."). The service-by-mail rule Plaintiffs employed here, S.C. R. Civ. P. 4(d)(8), provides that "[s]ervice of a summons and complaint upon [an individual, corporation, or partnership defendant] may be made by the plaintiff . . . by registered or certified mail, return receipt requested and delivery restricted to the addressee. Service is effective upon the date of delivery as shown on the return receipt." *Id*.

Thus, there are three components for the Court to examine in its determination as to whether Plaintiffs' Rule 4(d)(8) service on Ottich was proper and effective as of the date Credit Acceptance filed its notice of removal with the Court. The Court will consider the first two simultaneously.

The first element is whether there was "[s]ervice of a summons and complaint upon [Ottich] . . . by . . . [Plaintiffs] . . . by registered or certified mail[.]" *Id*. The second is whether there was "return receipt requested and delivery restricted to the addressee." S.C. R. Civ. P. 4(d)(8).

As the Court has already observed, the evidence in the record shows that, "[o]n November 30, 2020, [Plaintiffs' attorney]  mailed a copy of the Summons and  Complaint . . . to Ottich Enterprise, LLC, via certified mail restricted delivery, for the purpose of effecting service of process." Plaintiffs' Attorney's Affidavit ¶ 2. The address on the receipt is as follows: "Ottich Enterprises, LLC[,] Alejandro Ottich, [Registered Agent]." Plaintiffs' Motion, Exhibit 2. So, Plaintiffs have satisfied the first two requirements of Rule 4(d)(8).

The third consideration concerns the effective date of Plaintiffs' service on Ottich. As the Court stated above, in accordance with Rule 4(d)(8), "Service is effective upon the date of delivery as shown on the return receipt." *Id*. And, although "[f]ailure to make proof of service does not affect the validity of the service[,] . . . . [[i]f service was by mail, the person serving process shall show in his proof of service the date and place of mailing, and attach a copy of the return receipt or returned envelope when received by him showing whether the mailing was accepted, refused, or otherwise returned." S.C. Civ. P.  4(g).

But here, the post office has failed to mail the return receipt to Plaintiffs showing the date Ottich accepted the mailing of their summons and complaint.

Nevertheless, Fed. R. Evid. Rule 201(b)(2) provides that "[t]he [C]ourt may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Accordingly, the Court takes

judicial notice of the United State Postal Service's tracking website, which shows the summons and complaint were delivered to Ottich on December 9, 2020.  *See* https://tools.usps.com/go/TrackConfirmAction?tLabels=70190700000037729585 (last accessed April 28, 2021).

Also, as the Court explained in the "Factual and Procedural History" section of this Opinion, both Mauricio Ottich, in a telephone call to Plaintiffs' counsel, and Christian Ottich, in Ottich's "Statement of Service and Extension to Respond[,]" confirmed Ottich received and/or was served with a copy of Plaintiffs' lawsuit on December 9, 2020.  The post office's tracking website, along with this evidence, is more than sufficient to satisfy the third requirement of Rule 4(d)(8): the effective date of Plaintiffs' service on Ottich.

Credit Acceptance, however, still maintains "Plaintiffs have failed to satisfy the requirements for establishing valid service by mail."  Credit Acceptance's Response at 2.  According to Credit Acceptance, "Plaintiffs have not established service on [a] person with authority to receive service on Ottich's behalf."  Credit Acceptance's Response at 4.  But, Credit Acceptance has the burden backwards.

"Under Rule 4(d)(8)[,] the defendant, not the plaintiff, must prove that the receipt was signed by an unauthorized person.  The plaintiff need only show compliance with the rules."  *Roche v. Young Bros., Inc. of Florence*, 456 S.E.2d 897, 900 (S.C. 1995).

"When the civil rules on service are followed, there is a presumption of proper service."  *Id*. (citation omitted) (internal quotation marks omitted).  "Rule 4(d)(8) requires that the return receipt be restricted to the addressee and show acceptance by the defendant.  The rule simply does not require the specific addressee to sign the return receipt."  *Id*.

Consequently, service by mail is proper if the return receipt shows "acceptance by the defendant."  *See id.* ("Service by mail cannot be the basis for a default judgment unless the return receipt shows 'acceptance by the defendant.'") (quoting Rule 4(d)(8)).  It is defective, however, if

the defendant "demonstrates to the court that the return receipt was signed by an unauthorized person." See *Id*. ("However, any default judgment may be set aside if the defendant 'demonstrates to the court that the return receipt was signed by an unauthorized person.'") (quoting Rule 4(d)(8)).

Credit Acceptance has failed to offer any convincing evidence to show that the return receipt was signed by an unauthorized person. And, any suggestion that Mauricio's and Christian Ottich's purported inability to answer the complaint on behalf of Ottich amounts to circumstantial evidence they lacked authority to accept service on Ottich's behalf is unavailing. After all, experience teaches us that the one accepting service on behalf of a defendant is often times not the one who answers the complaint.

Thus, in light of the Court's determination that Plaintiffs followed the dictates of Rule 4(d)(8) in serving Ottich with the summons and complaint, and Credit Acceptance's failure to provide evidence to overcome the presumption of proper service, the Court concludes Plaintiffs properly joined and served Ottich on December 9, 2020. *See Roche*, 456 S.E.2d at 900 ("The plaintiff need only show compliance with the rules. When the civil rules on service are followed, there is a presumption of proper service.") (citation omitted) (internal quotation marks omitted).

But besides, even if Plaintiffs had failed to technically comply with all of the mandates of Rule 4, the Court would still conclude Plaintiffs' service on Ottich was proper and effective on December 9, 2020, inasmuch as the South Carolina Supreme Court has "never required exacting compliance with the rules to effect service of process. . . . Rather, [it] inquire[s] whether the plaintiff has sufficiently complied with the rules such that the court has personal jurisdiction of the defendant and the defendant has notice of the proceedings." *Roche*, 456 S.E.2d at 899. There can be no real debate as to whether Plaintiffs "sufficiently complied with the rules such that the [C]ourt has personal jurisdiction of [Ottich] and [Ottich] has notice of the proceedings." *Id*.

Consequently, because the Court has decided Plaintiffs properly joined and served Ottich on December 9, 2020, almost a month before Credit Acceptance filed its notice of removal with this Court on January 4, 2021, and in light of the rule of unanimity and Section 1446(b)(2)(a)'s requirement that "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action[,]" because Credit Acceptance failed to obtain Ottich's consent before removal, the Court must grant Plaintiffs' motion to remand.

Finally, there is a lesson for the defense bar is this case: when removing a case to this Court, the safer route is to obtain the consent from all co-defendants, notwithstanding whether one thinks the co-defendants have been properly joined and served.

## V.    CONCLUSION

Based on the foregoing discussion and analysis, Plaintiffs' motion to remand is **GRANTED** and this matter is **REMANDED** to the Lexington County Court of Common Pleas.

Accordingly, the other pending motions in this case are necessarily **RENDERED AS MOOT**.

**IT IS SO ORDERED**.

Signed this 4th day of May, 2021, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE